[No. 5153.    Decided April 24, 1905.]

THOMAS GEORGE, *Appellant,* v. COLUMBIA & PUGET SOUND
RAILROAD COMPANY, *Respondent.*[1]

EJECTMENT—ADVERSE POSSESSION—PLEADINGS—ANSWER—WEAK-
NESS OF ADVERSARY'S TITLE. Where, in an action of ejectment
based solely on possessory right, the plaintiff fails to establish ad-
verse possession, it is immaterial that the answer of the defendant
did not contain a sufficient allegation of title, since the plaintiff
must recover, if at all, on the strength of his own, and not on
the weakness of his adversary's title.

ADVERSE POSSESSION—WHEN NOT CONTINUOUS—EVIDENCE—JUDG-
MENT OF RESTITUTION IN FORMER ACTION—RES ADJUDICATA. In an
action of ejectment in which the plaintiff relies solely upon ad-
verse possession for ten years, a judgment of restitution against
him in a former action of forcible entry and detainer, whether a
bar to the ejectment or not, is admissible and conclusive upon
the point that plaintiff's possession was not continuous, where
in the former action it was established that during said ten years
the premises were for five days in the peaceable possession of his
adversary, and that he then unlawfully entered thereon.

ADVERSE POSSESSION—COLOR OF TITLE—ENTRY WITHOUT RIGHT—
EVIDENCE—SUFFICIENCY. A finding that plaintiff acquired no title
by adverse possession for ten years is sustained by the evidence
where it appears that he entered without any right or color of
title, although he cultivated, improved, and proved up on a home-
stead during the period, and made his residence on the land con-
tinuously for six years.

Appeal from a judgment of the superior court for King
county, Morris, J., entered November 11, 1903, upon find-
ings in favor of the defendant, after a trial on the merits
before the court, a jury being waived, dismissing an action
of ejectment.   Affirmed.

*S. S. Langland* and *C. A. Riddle,* for appellant.

*C. H. Farrell* and *Piles, Donworth & Howe,* for respond-
ent.

[1]Reported in 80 Pac. 767.

Dunbar, J.—This is an action in ejectment, the plaintiff alleging, among other things, that, in the month of July, 1886, he entered into the possession of the land in controversy, which was lot 12, in block 30, of Bell & Denny's First Addition to the city of Seattle, and that said land, at the time of entry thereof, was vacant and unoccupied; that ever since said month of July, 1886, and up to the 1st day of December, 1898, he was in the actual, continuous, exclusive, peaceable, hostile, and adverse possession of said premises, claiming ownership by virtue of a claim of right; that, while plaintiff was so seized and possessed and peaceably enjoying said premises, said defendant, on or about the 1st day of December, 1898, without right or title, entered into possession of the demanded premises, and ousted and ejected said plaintiff therefrom, and ever since and now wrongfully withholds the possession thereof from said plaintiff, to his damage in the sum of $720. The demand is for a recovery of possession of the premises, and for the sum of $720 damages for withholding.

The answer denied the possession of the plaintiff as alleged, and alleged possession on the part of the defendant, during all the times mentioned in the complaint, and that it was the owner in fee simple of the premises. For an affirmative defense defendant alleged that, on or about the 14th day of April, 1898, it instituted an action in the superior court of King county, against the plaintiff in this action, to recover possession of the said lot 12; that the defendant in that action, the plaintiff in this, duly entered his appearance as defendant in said action, and duly filed an answer therein; that said cause was tried on the issues of fact raised by the complaint therein and the answer of the defendant, copies of which are set up as exhibits, and referred to in the answer; that upon trial on the 22d day

of October, 1901, verdict was returned in such case in favor of the plaintiff therein; that judgment upon said verdict was duly entered in said cause, restoring possession of the premises to the plaintiff therein; that such judgment has never been appealed from, and that the statutory time to take an appeal therefrom has long since expired. The complaint in that action alleged that, at all times thereinafter mentioned, and for more than five days next preceding the unlawful entry by the defendant, the plaintiff was in the peaceable and undisturbed possession of the land in dispute, but that on the 1st day of August, 1893, during the absence of the plaintiff and without plaintiff's knowledge, defendant entered upon said land and took unlawful possession of the same; that due notice was given to the defendant to abandon the possession, and said notice was duly served upon him. The reply admitted the former action pleaded by the defendant in this case, and reasserted the right of possession in the plaintiff. Upon these pleadings the cause went to trial, and the court found the issues in favor of the defendant, and dismissed the action.

The court found the following facts: That the defendant has, since the 30th day of November, 1880, been in the possession of the lot in dispute; that the plaintiff, without any claim of right and without any color of title, entered upon a portion of said premises below the line of ordinary high tide, of the waters of Elliott bay, and beyond the meander line, and took unlawful possession thereof on or about the 1st day of August, 1893, without the knowledge or consent of the defendant or its agents, and erected a shanty as a squatter upon said premises, which he occasionally occupied until about the 14th day of April, 1898 when he was ejected therefrom by a writ of restitution, issued out of the superior court of King county in

the case which we have just mentioned; and found as facts the matters and things alleged in the affirmative defense in relation to the former action. The conclusion of law was that, at the time of the commencement of this action, the defendant was the owner of, and entitled to the possession of, the lot; that the plaintiff had not, nor did he ever have, any right, title, or claim to said premises, or any part thereof, nor to the possession of said premises, or any part thereof; that defendant was entitled to judgment dismissing the action, with costs against the plaintiff. Judgment was entered, and from such judgment this appeal was taken.

As we view the case, as shown by the record, it is not necessary to discuss many of the questions raised by the appellant; for instance, it is claimed in the first assignment of error that the demurrer to the defendant's answer should have been sustained, for the reason that there is not a sufficient allegation of ownership of title—the allegation being that the respondent has been and is now the owner in fee, etc., under and by virtue of a certain deed of conveyance from the Seattle & Walla Walla Railroad Company, without alleging that the grantor had title to the same. Whatever may be the technical law on this subject, it is unimportant here for the reason that, in this kind of an action, the plaintiff, if he prevails at all, must prevail upon the strength of his own title, and not upon the weakness of that of the adversary. The basis of this complaint is a possessory right. There is no allegation of ownership other than ownership which flows from the possession alleged. Nor was there any attempt to show title otherwise, in the testimony offered by the plaintiff; and, if he fails in establishing the fact that, from the month of July, 1886, up to the 1st of December, 1898, or at least for ten years immediately succeeding July, 1886, he was in

possession of the premises, he fails to establish his right to the land by reason of continuous and adverse possession.

It is insisted by the appellant, who objected to the introduction of the record in relation to the former trial, that it was not a bar to this proceeding; that the judgment in that court was not *res adjudicata* of the questions raised in this action. But, whatever else may be said as to the judgment in the former action, it did establish the fact that, for a period of five days prior to the 1st day of August, 1893, the respondent was in the peaceable and undisturbed possession of the premises, and that the entry of appellant thereon was wrongful. That fact being established, and being the basis of a judgment for restitution, it seems to us that the allegation of the appellant that he was in constant, peaceable, and undisturbed adverse possession from July, 1886, to December, 1898, cannot be true; and we are inclined to think that the defendant was entitled to judgment on the pleadings in this case.

But, even if that be not true, an examination of the testimony in this case convinces us that there was an utter failure, on the part of the plaintiff, to establish the residence and acts of possession which he claims. Outside of the fact that, during the time of this alleged constant and adverse possession, he cultivated, improved, and proved up on a homestead, the testimony being that he had continuously made his residence on the homestead during these six years, the testimony as a whole—not only the testimony offered by the defendant but also that of the plaintiff—convinces us that the court was right in its finding that the plaintiff had entered upon said lands without any right or color of title, and had obtained no right to the same by possession or otherwise.

The judgment is therefore affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.