[No. 5872. Decided October 25, 1905.]

CHARLES HELM et al., Respondents, v. ALEX JOHNSON et al., Appellants.[1]

EJECTMENT—TITLE—TRACING TO RELIABLE SOURCE—FINDINGS—EVIDENCE—SUFFICIENCY. A decree of distribution of an escheated estate, with a deed from the county, does not show sufficient title in the plaintiff to maintain an action of ejectment, where the title of the deceased was not traced to the government, a grantor in possession, or a common source of title; since such distribution does not convey a warranted title but only such interest as the deceased had.

EJECTMENT—TITLE OF PLAINTIFF. In ejectment, plaintiff must recover, if at all, upon the strength of his own title.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered April 26, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action of ejectment. Reversed.

*Eric Edw. Rosling*, for appellants. In ejectment plaintiff must trace his title back to the government, a grantor in possession, or to a common source of title. 10 Am. & Eng. Ency. Law (2d ed.), 484; 15 Cyc. 39; *Ronk v. Higginbotham*, 54 W. Va. 137, 46 S. E. 128; *Jackson Lumber Co. v. McCreary*, 137 Ala. 278, 34 South. 850; *Slauson v. Goodrich Transp. Co.*, 99 Wis. 20, 74 N. W. 574, 40 L. R. A. 825;

1Reported in 82 Pac. 402.

*Troth v. Smith,* 68 N. J. L. 36, 52 Atl. 243. If plaintiff fails to do this he cannot recover, and defendant cannot be required to defend his possession. *Hillman v. White,* 19 Ky. Law 1682; 44 S. W. 111; *Muhlenberg v. Drucken-miller,* 103 Pa. St. 631. One break in plaintiff's chain of title defeats his action. *Alabama Mineral Land Co. v. Baker,* 119 Ala. 351, 24 South. 706. The respondent must recover, if at all, on the strength of his own title, and not on the weakness of that of appellants. *Humphries v. Sorenson,* 33 Wash. 563, 74 Pac. 690; *Pacific Bank v. Hannah,* 90 Fed. 72.

*Harvey L. Johnson* and *F. S. Blattner (Ernest M. Card,* of counsel), for respondents. The deed from Pierce county is in itself sufficient to establish *prima facie* evidence of title in said respondents. *Holloran v. Meisel,* 87 Va. 398, 13 S. E. 33; *Kendrick v. Latham,* 25 Fla. 819, 6 South. 871; 1 Am. & Eng. Ency. Law (2d ed.), 484, and cases cited.

DUNBAR, J.—Action in ejectment. The complaint alleged that the plaintiffs acquired title to the tract of land in dispute by virtue of two deeds—one, a quit-claim deed, executed March 27, 1901, by Martin L. Dale and Emma R. Dale, husband and wife, and the other executed on the 27th day of April, 1902, by John B. Reed, treasurer of Pierce county, Washington; alleged wrongful possession on the part of the defendants; and demanded judgment for the restitution of the possession, and the sum of $200. The answer denied the allegations of the complaint, and alleged adverse possession for a period of more than ten years immediately preceding the commencement of the action. This possession was denied by the reply, and upon these issues the cause went to trial.

The court, after finding some preliminary and undisputed facts, found that the plaintiffs had purchased the property from the county of Pierce, for a valuable consideration, at the time alleged in the complaint; that the proof consisted of the deed from Dale and wife, a deed from the county of

Pierce, as alleged in the complaint, and also a decree of distribution in the estate of one Luviney, who was the alleged owner of the land in dispute and whose estate, including this land, escheated to the state, and that no other muniments of title had been offered in evidence; that the defendants had entered into, and taken possession of, the land about the year 1891, and had maintained possession of said premises ever since, under a claim of right; and that they are now, and for more than ten years have been, in the actual, visible, open, exclusive, continuous, uninterrupted, and notorious possession thereof under said claim of right. Upon these findings of fact, the conclusions of law were, that the defendants wrongfully and unlawfully withheld the possession of said land from the plaintiffs, and that plaintiffs were entitled to the possession of said tract, and to a decree of the court awarding possession thereof, together with costs and disbursements.

At the threshold of this case it appears affirmatively from the findings of fact that no title to the land in dispute was shown by the plaintiffs. There was no attempt to show title in Dale and wife. The distribution of an estate that has escheated does not convey a warranted title, any more than the distribution of any other estate. All the distribution amounts to in any case is a conveyance from the deceased to the distributee, who manifestly gets no better title than the deceased had; and, the title of the deceased not having been traced to the government, a grantor in possession, or a common source of title, no title was shown in the plaintiffs, and it is too elementary to warrant the citation of authorities that, in an action of ejectment, the plaintiff must recover on the strength of his own title, and not upon the weakness of the claim of his adversary. It is therefore not necessary to discuss the question of adverse possession.

The judgment is reversed.

Mount, C. J., Hadley, Rudkin, Crow, and Root, JJ., concur.

FULLERTON, J. (concurring)—I think the findings of the court show title in the appellants by adverse possession, and for this reason I concur in the judgment directed by the majority.   On the question of the respondents' title I express no opinion.