[No. 6484. Decided November 13, 1906.]

## W. B. VAN SICLEN, *Appellant,* v. B. L. MUIR, *Respondent.*[1]

COURTS — APPELLATE   JURISDICTION — SUPERSEDEAS — INJUNCTION
PENDING AN APPEAL.   The supreme court has no original jurisdiction
to grant injunctive relief pending an appeal upon the application of
an appellant, who alleges the commission of acts by the respondent
entitling him to relief independent of the appeal, and which are not
in violation of appellant's supersedeas bond.

Application filed in the supreme court October 16, 1906,
for a writ of injunction to restrain interference with a pas-
sageway leading to respondent's premises, pending an ap-
peal from a judgment granting an injunction against the
applicant herein.   Denied.

*Arthur C. Dresbach* and *F. A. Gilman,* for appellant.

*Vince H. Faben,* for respondent.

FULLERTON, J.—This is an original application made to
this court for injunctive relief.   From the record it appears
that the appellant brought an action against the respond-
ent in which he sought to restrain him from interfering with
a certain house-boat which the appellant used as a residence.
The respondent answered, denying that he had unlawfully in-
terfered with the boat, and pleaded affirmatively that the ap-
pellant had anchored his boat in Lake Washington in front
of his property, and used his property as a passageway to
and from the boat; that the boat when anchored interfered
with his littoral and riparian rights, in that it blocked his
right of ingress and egress to and from his property to the
waters of Lake Washington.   He prayed an order enjoin-
ing the appellant from using his premises as a passageway,
and requiring him to remove his boat from in front of his
premises.

[1]Reported in 87 Pac. 498.

On the trial the court ruled with the respondent, and granted the injunction requested. The appellant thereupon appealed and gave a supersedeas bond. He now alleges that the respondent has interfered with the passageway leading to his premises, and has annoyed him in other ways, and he asks that this court restrain him from so doing pending the appeal of his action to this court. It is not claimed that the respondent has committed any acts in violation of the supersedeas bond, but it is insisted that he has been guilty of acts in violation of appellant's rights, which entitle him to relief independent of those in litigation on the appeal.

Manifestly the application must be denied. While this court is empowered by the constitution to issue any writ necessary and proper to the complete exercise of its appellate jurisdiction, it has no jurisdiction to issue writs of injunction against a party merely because he is respondent in an action on appeal in this court. To authorize such a writ the acts sought to be enjoined must be something pertaining to the appeal which will render the appeal ineffectual if continued in. No such case as this is made by this application. Here the acts complained of in no way affect the appeal, and the final determination of the appeal will not be affected whether or not the acts are restrained. The appellant has mistaken his remedy. If the acts of the respondent are in violation of the writ of supersedeas, then the relief is to seek the enforcement of that writ. If they are independent acts not within the supersedeas, then the remedy for them must be sought in the court of original jurisdiction.

The application is denied.

Mount, C. J., Rudkin, Hadley, and Dunbar, JJ., concur.

Root and Crow, JJ., took no part.