[No. 7015.    Decided February 28, 1908.]

BRYANT LUMBER & SHINGLE MILL COMPANY, *Respondent,*

v. PACIFIC IRON & STEEL WORKS *et al., Appellants.*[1]

ADVERSE POSSESSION—COLOR OF TITLE—DEED OUTSIDE OF CHAIN OF TITLE. Adverse possession of shore land lots belonging to the state cannot be claimed to be under color of title by virtue of a deed thereof made by a third person who·was never in possession and was not shown to have ever had any title thereto.

EJECTMENT—TITLE OF PLAINTIFF. In an action of ejectment plaintiff must recover on the strength of his own title.

SAME—PRIMA FACIE TITLE—PRIOR POSSESSION. In an action of ejectment, where neither party had title, the plaintiff does not make out a case of *prima facie* title by prior possession by showing that defendants obtained permission of the plaintiff to continue an oc-

[1]Reported in 94 Pac. 110.

cupancy, when it appears that defendants had possession prior to the making of an unwarranted claim to the land by the plaintiff, who never had any possession.

LANDLORD AND TENANT—EXISTENCE OF RELATION. Permission to continue an occupancy of land already held, is not sufficient to show a tenancy, where the land was held eighteen years without the payment of rent.

ADVERSE POSSESSION—AGAINST STATE—PAYMENT OF TAXES. The payment of taxes for seven years upon shore land lots does not show title as against the state.

Appeal from a judgment of the superior court for King county, Honorable Henry Ballinger, judge *pro tempore*, entered July 3, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of ejectment. Reversed.

*James Kiefer*, for appellants.

*J. L. Corrigan* and *Ballinger, Ronald, Battle & Tennant*, for respondent.

Mount, J.—The respondent brought this action in ejectment, to recover from appellants the possession of lots 8 and 9, in block 86, of Denny & Hoyt's supplemental plat to the city of Seattle. The amended complaint alleged title in the plaintiff by mesne conveyance under patent from the United States, and that plaintiff had been in the open, notorious, and exclusive possession of said lots for more than twenty years, the payment of all taxes assessed against the property, and that defendants wrongfully and unlawfully withhold possession from the plaintiff. The appellants, for answer to the complaint, denied the allegations thereof, and alleged adverse possession in themselves since the year 1890.

The only evidence offered to show title in plaintiff is a plat showing these two lots to be shore land lots within the meander lines of Lake Union, and a deed from A. W. Frater, as receiver of the Merchants National Bank of Seattle, conveying

the lots to the plaintiff; and also some tax receipts from King county, showing payment by the plaintiff of the taxes assessed against the lots from 1898 to 1905 inclusive. No evidence was offered tending to show that the title to these lots had ever been conveyed by the United States, or that Frater or the Merchants National Bank had any title or interest in the lots, or that the state had ever parted with any interest. Some evidence was introduced by the plaintiff to the effect that after the execution of the deed by Frater, receiver, on November 10, 1899, the defendants requested of the plaintiff permission to use the lots as they had used them for several years previous, and that such permission was given; that defendants continued to use and improve the lots until June, 1906, when a written lease was demanded from defendants by the plaintiff, which defendants refused to give, and then claimed the right of possession. Plaintiff's evidence also shows that, after the year, 1899, it occupied a portion of the lots by fastening a boom for sawlogs in the water on the lots. At the close of the plaintiff's evidence, the trial court denied defendants' motion for nonsuit. Defendants made no claim of ownership or of the payment of taxes, but denied that their possession was obtained from the plaintiff, or that they had ever requested permission from the plaintiff to use the lots, or that they used the lots by such permission. Defendants' evidence tended to show that they went into possession of the lots in 1889, and had been in the uninterrupted possession ever since, reclaiming the lots by filling them in with earth and other material, and making some few improvements, and stowing lumber and materials thereon, with the intention of purchasing the lots from the state of Washington when the state desired to sell the same.

The court found as facts that the plaintiff went into possession of the lots in 1899, after acquiring the deed from Frater, receiver, and that plaintiff had paid taxes thereon under claim of title; that the lots were shore land lots; that

the defendants had been in possession using the lots since 1899; "that the defendants Pacific Iron & Steel Works and Pacific Iron Works, at the time of entering upon lots 8 and 9, did not claim to be the owners of said property, and did not have color of title thereto, and that after plaintiff had purchased said property from Frater, as stated in finding of fact No. 3, the officers of the defendant corporations obtained permission from plaintiff to use and occupy said lots 8 and 9 in the manner that said defendants had been using said lots, and said plaintiff granted defendants permission so to do; that in the month of June, 1906, the plaintiff requested of the defendants to enter into a lease for all of lots 8 and 9, which request the defendants refused to comply with, and repudiated the plaintiff's title, whereupon the plaintiff demanded possession of the said lots 8 and 9, and the defendants refused to surrender the same or any part thereof; that neither of the defendants questioned the title of plaintiff to said lots 8 and 9 until on or about June, 1906, when plaintiff demanded possession of said premises from said defendants and the said defendants refused to surrender the same or any part thereof;" that defendants had filled in about two-thirds of the area of the lots; that there is no evidence that plaintiff's grantor, Frater, was ever in possession of the lots; that the defendants were in the actual possession of lot 9 and a part of lot 8 at the time the action was begun. Upon these findings the court entered a judgment in favor of the plaintiff.

The appellants contend that the court should have dismissed the action for the reason that the plaintiff failed to show title or right of possession. This position must be sustained. There was no effort made to show title in the plaintiff except by a deed from Frater, as receiver to plaintiff. It does not appear that Frater, as receiver or otherwise, ever had any title to the lots in question, or any interest therein. The court found that he never had possession. The court also

37—48 WASH.

found that the lots were shore land lots, which would place the title in the state of Washington. *Van Siclen v. Muir*, 44 Wash. 361, 87 Pac. 498.

So far as the record in this case shows, neither party has any interest in the lots. The plaintiff does not claim to have acquired title or right of possession from the state. It is a well-settled rule in this state that, in actions in ejectment, the plaintiff must recover upon the strength of his own title, not upon the weakness of his adversary. *Humphries v. Sorenson*, 33 Wash. 563, 74 Pac. 690; *George v. Columbia etc. R. Co.*, 38 Wash. 480, 80 Pac. 767; *Helm v. Johnson*, 40 Wash. 420, 82 Pac. 402. Respondent seeks to avoid this rule in this case by asserting that;

"Ejectment may be maintained upon the prior possession of plaintiff, or of parties through whom he claims, such possession being a sufficient *prima facie* title." 15 Cyc. 30.

But this rule is not applicable to this case, because it is not shown that the plaintiff had prior possession. The evidence shows, and the court found, that plaintiff's grantor had never been in possession, and that defendants were in possession of the greater portion of the lots at the time plaintiff obtained the deed from Frater, and that defendants have maintained such possession ever since. It is true the court found that, after plaintiff had purchased the interest of Frater, receiver, defendants obtained permission from plaintiff to occupy the lots as they had been occupying them theretofore. The evidence is conflicting upon this point, and it is not clear to us that this finding is correct, but assuming it to be correct, we think it is not sufficient to show a tenancy by the defendants under the plaintiff. It is conceded that defendants paid no rent and that they maintained possession continuously for about eighteen years. It is not shown that the plaintiff's position was changed in any way by granting permission to defendants to occupy the premises. But if this granting permission to occupy the premises were alone sufficient to show a tenancy and holding under the plaintiff, the plaintiff might,

in that event, have maintained an action for unlawful detainer. Such, however, was not the remedy pursued. The complaint alleged title in the plaintiff, and right of possession for that reason. The plaintiff must stand or fall upon the allegations of his complaint. As we have already seen, the plaintiff failed to show title in himself, but showed that it has no interest in the property for the reason that the title is in the state. It is true the plaintiff has paid taxes on the lots since the year 1899, but this fact does not show title as against the state. Bal. Code, § 5505 (P. C. § 1162).

We are satisfied from the evidence and the findings of the court that neither party to this action has title to the lands in question, nor the right of possession, and therefore cannot maintain ejectment against the other. The judgment must therefore be reversed, and the action dismissed.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.

ROOT, J., concurs in the result.

RUDKIN and FULLERTON, JJ., took no part.