[No. 7055. Decided March 9, 1909.]

SAMUEL V. RAMSEY *et al., Respondents,* v. GEORGE A. WILSON *et al., Appellants.*[1]

ADVERSE POSSESSION—ENTRY ON PUBLIC LANDS—GOOD FAITH—POSSESSION WITHOUT COLOR OF TITLE—SCHOOL LANDS—JUDGMENTS—PARTIES BOUND—PARTICIPATING IN TEST CASE. There is no entry upon land in good faith under color of title, so as to constitute title by adverse possession, where it appears that defendants went upon the adjoining forty and attempted to file a homestead claim upon the whole tract, knowing that the state claimed the land; that the filing was successfully contested by the state in the land department, after which a test case was appealed by a neighboring settler to the United States supreme court and the decision affirmed, and the defendants contributed to the expense of such appeal and were interested in the result; since there could be no claim in good faith after the adverse decision of the contest, and defendants became bound by the judgment by participating in the appeal in the other test case.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 30, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Jay C. Allen,* for appellants.

*Austin E. Griffiths (Paul Shaffrath,* of counsel), for respondents.

[1]Reported in 100 Pac. 177.

MOUNT, J.—The respondents brought this action to quiet their title to the southeast quarter of the northeast quarter of section 2, township 25, north, range 3, east, W. M., being forty acres of land in King county. They deraign title from the United States. The appellants in answer to the complaint denied the alleged title of the respondents, and claimed title in themselves by reason of adverse possession for the statutory period. The cause was tried to the court without a jury, and a decree was entered in favor of the plaintiffs. The defendants have appealed.

The evidence shows that the legal title to the land in question stands in the name of the respondents. It appears that this land was selected by the territory of Washington as an "indemnity school selection," which selection was approved in the year 1872. Thereafter the state held the land as school land. In March, 1893, the appellants, Wilson and wife, went upon the land and made some improvements on the southwest quarter of the northeast quarter of the section, being the forty acres lying to the west of the land in dispute, and attempted to file a homestead claim on the whole of the northeast quarter of the section. Their application was rejected in the land office, and upon appeal to the commissioner of the general land office and thence to the secretary of the interior, the ruling of the local land office was approved. Subsequently an action was brought in ejectment by the state against one Anton Johanson, who was claiming a piece of land in the same vicinity under the same conditions. The Johanson case was made a test case. The appellants in this case, while not parties to that case, were interested therein and contributed to the defense thereof, and actively assisted in that case, which was prosecuted to this court (*State v. Johanson*, 26 Wash. 668, 67 Pac. 401), where it was held that the land in controversy there was the property of the state. That case was afterwards prosecuted to the supreme court of the United States (*Johanson v. Washington*, 190 U. S. 179, 23 Sup. Ct. 825, 47 L. Ed.

1008), where it was affirmed on June 1, 1903. While that litigation was pending and in July, 1896, the state sold the land in dispute in this case to a Mr. Prosch for something over $5,000. In October of the same year, Mr. Prosch sold to Dr. Ramsey, the father of the respondent S. V. Ramsey. The latter inherited from his father. The land at the time of this trial was of the value of $50,000. The respondents have paid the taxes upon the land regularly since the state parted with the title. The appellants have resided upon the southwest quarter of the northeast quarter since March, 1893, have made improvements thereon, and have been attempting to hold the whole quarter section adversely to the real owners.

The whole claim of appellants in this action is based upon their claim of adverse possession. There is much conflict in the evidence upon the question whether the appellants have maintained such open, exclusive, notorious, and continued possession of the land in dispute as would show an adverse holding of the forty acres of land owned by the respondents in this case. If the case turned alone upon this question we should be inclined to hold the evidence insufficient to show an adverse holding against these respondents. But upon the undisputed facts, we think there is no such claim of right made in good faith as will support title by prescription in the appellants.

It is not claimed that the appellants have any color of title, but their whole contention rests upon a claim of right and adverse possession asserted for the statutory period. They went upon the forty acres of land lying west of the tract in dispute in 1893. At that time they knew that the state claimed the whole quarter section, but they went there maintaining that the state was wrong in the claim. If at that time in good faith they asserted a claim of right to file upon the land, that claim of right was early contested by the state, and the land department of the government re-

jected it in 1895. After that time the state brought an action in ejectment for other lands held the same as the lands in question. These appellants were directly interested in the result of that litigation and actively defended that case. They were, in substance, parties to it and bound by it. *Douthitt v. MacCulsky*, 11 Wash. 601, 40 Pac. 186; *Shoemake v. Finlayson*, 22 Wash. 12, 60 Pac. 50. The courts finally, in 1903, concluded the litigation by affirming title in the state. After the year 1895, there was clearly no claim of right made in good faith which could be the basis of an adverse holding by these appellants. The effect of that litigation was to determine that the appellants had no claim of right to the land, and, of course, after that time could not assert such claim in good faith. They were mere squatters and could not acquire title as against the rightful owner. *Blake v. Shriver*, 27 Wash. 593, 68 Pac. 330; *Yesler Estate v. Holmes*, 39 Wash. 34, 80 Pac. 851; *George v. Columbia & Puget Sound R. Co.*, 38 Wash. 480, 80 Pac. 767; *Lohse v. Burch*, 42 Wash. 156, 84 Pac. 722; *May v. Sutherlin*, 41 Wash. 609, 84 Pac. 585; *Morgan v. Northern Pac. R. Co.*, 50 Wash. 480, 97 Pac. 510.

In *Johnson v. Conner*, 48 Wash. 431, 93 Pac. 914, we held that:

"One who enters upon land in good faith, supposing it to be government land, with a view to acquiring title, may, upon discovering his mistake, proceed to hold openly and notoriously in hostility to the actual owner, so as to acquire title by adverse possession in ten years thereafter."

We think that case is distinguished from this by the fact that there the entry was made in good faith, while in this case it was known that the state claimed the land and the entry was made with knowledge of that fact, and therefore not in good faith. In any event, we do not desire to extend the doctrine there announced so as to say that one may go upon the land of another and acquire title by occupancy where he has neither color of title nor claim of right made

in good faith, because the statute evidently does not intend that one may by such means acquire title to another's property.

We think the judgment of the lower court was right, and it is therefore affirmed.

RUDKIN, C. J., FULLERTON, CROW, and DUNBAR, JJ., concur.