## CENTER v. CADY.

(Circuit Court of Appeals, Ninth Circuit.   February 6, 1911.)

### No. 1,844.

**1. QUIETING TITLE (§ 39\*)—CROSS-BILL—SUFFICIENCY.**

Complainant in a suit to quiet title alleged the **recovery of judgment** in ejectment against defendant, and that plaintiff had been put in possession by the marshal on execution of a writ of possession. Defendant answered, denying that the marshal had executed the writ, and filed a cross-bill alleging possession since 1899, as also of a 20-acre tract south and adjoining the land in controversy; that the marshal, in executing the writ of possession, removed defendant from such south 20-acre tract, and placed plaintiff's agent in possession thereof, afterwards filing a return that he had executed the writ by placing plaintiff's agent in possession of the land in controversy.   The cross-bill did not allege that the marshal did not in fact place plaintiff in possession of the land in controversy, nor was there any averment that defendant had paid taxes on such land.   *Held,* that the cross-bill was demurrable for failure to show that the writ of possession was not executed according to its return.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 80;   Dec. Dig. § 39.*]

**2. ADVERSE POSSESSION (§ 84\*)—COLOR OF TITLE—GOOD FAITH—POSSESSION AFTER ADVERSE JUDGMENT IN EJECTMENT.**

Where judgment had been rendered against defendant in ejectment by plaintiff to recover the land in controversy, and a writ of possession had been issued, and an attempt at least made to execute it, defendant's continued possession of the land, in the absence of an acquired title in some manner other than by merely obtaining possession of the premises, was not in good faith, under Ballinger's Ann. Codes & St. Wash. § 5503 (Pierce's Code, § 1160), providing that every person in actual, open, and notorious possession of land under claim and color of title made in good faith, who shall continue in possession for seven years and pay taxes, shall be adjudged to be the lawful owner to the extent and according to the purport of his or her paper title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 488–500;   Dec. Dig. § 84.*]

Appeal from the Circuit Court of the United States for the Western Division of the Western District of Washington.

Bill by Cholett Cady against Lewis W. Center.   Complainant having dismissed his bill without prejudice, and a demurrer having been sustained to defendant's cross-bill for want of equity, and the bill dismissed, defendant appeals.   Affirmed.

In December, 1909, the appellee filed his bill to quiet title **to a 23-acre** tract of land, alleging that he owned the land and had paid taxes thereon for the last seven years;   that in 1901 he had brought an action of ejectment against the appellant to recover the property, and upon the issues framed he was adjudged to be the owner of the property and entitled to the possession;   that a writ of possession was issued and delivered to the marshal, who executed the same by putting the appellee into possession;   that the appellant, notwithstanding such judgment and execution, has maintained possession, asserted ownership, and has converted wood cut upon the premises.   The appellee prayed for an injunction and that his title be quieted.   The appellant answered the bill, denied that the marshal had ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ecuted the writ of possession, denied the title of the appellee, and asserted title in himself. With his answer the appellant filed a cross-bill, in which he alleged possession since 1899 of the land in controversy and also of a 20-acre tract lying south thereof and adjoining the same. He alleged that the marshal, in executing the writ of possession, being unacquainted with the boundaries of the land described therein, removed the appellant from said south 20 acres, took from his tenant the keys of the buildings standing thereon, and placed the appellee's agent in possession of said 20-acre tract and the buildings; that the marshal thereupon made and filed his return of the service of the writ, and stated therein that he had executed the same by placing the appellee's agent in possession of the north 23-acre tract. The appellant alleged ownership by reason of uninterrupted possession for 10 years, and prayed that the return of the marshal be adjudged a cloud upon his title, and that it be removed. The appellee demurred to the answer. The demurrer was overruled; the court ruling that issues were framed which should be tried by a jury. Thereupon the suit of the appellee was dismissed without prejudice. A demurrer was interposed to the cross-bill for want of equity, and was sustained, and the cross-bill was dismissed. From that order the appeal is taken.

A. H. Garretson and Jesse Thomas, for appellant.

Frank D. Nash, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The facts as disclosed in the cross-bill are that for more than 10 years before the commencement of the suit the appellant had been in possession of about 40 acres of land contained in a single inclosure; that he owned the south 20 acres thereof, and thereon had constructed his buildings and improvements; that in 1901 the appellee brought ejectment to recover the north 23 acres, and in 1903 obtained a judgment for the possession thereof; that in the following year a writ of possession was issued and executed, by the return of which, upon its face, the appellee was placed in possession of said north 23 acres, but that the marshal by a mistake executed the writ by placing the appellee in possession of the south half of the tract, and that neither the judgment nor the writ operated to disturb the possession of the appellant in the land which is in controversy. The cross-bill makes no allegation that the marshal did not in fact place the appellee in the possession of the land in controversy, and from the facts as they are alleged it would appear that the marshal may have executed the writ by placing the appellee in the possession of the whole tract. There is no averment that the appellant has paid taxes on the land in controversy, and, conceding that the judgment in ejectment did not operate to disturb the possession unless executed by a writ of possession, the facts stated in the cross-bill fall short of showing that the writ was not in fact executed as it appears on its face to have been executed. Upon that ground alone the relief sued for was properly denied.

But there is other ground on which the decree may be sustained. The statute of Washington (Ballinger's Ann. Codes & St. § 5503 [Pierce's Code, § 1160]) provides:

"Every person in actual, open, and notorious possession of lands or tenements under claim and color of title, made in good faith, who shall, for seven successive years continue in possession, and shall also during said time

pay all taxes legally assessed on such lands or tenements. shall be held and adjudged to be the lawful owner of such lands or tenements to the extent and according to the purport of his or her paper title."

One of the essential requisites to the relief which the appellant seeks by his cross-bill is that his claim of title shall be made in good faith. There can be no good faith in such a claim, in the face of the decision of a court of competent jurisdiction adjudging that the claimant has no title or right of possession. In May, 1903, the court, from which the present appeal is taken, rendered a judgment in ejectment adjudging the title to the premises here in controversy to be in the appellee. From that time on the appellant could not claim in good faith, unless he acquired a claim of title in some way other than by merely retaining possession of the premises. May v. Sutherlin, 41 Wash. 609, 84 Pac. 585; Ramsey v. Wilson, 52 Wash. 111, 100 Pac. 177. In May v. Sutherlin it was said:

"But it should require no argument to show that a party who holds property contrary to and in defiance of the judgment of a court of competent jurisdiction is without color or claim of title, and that good faith is entirely wanting."

The decree is affirmed.