[No. 22361. Department One. June 17, 1930.]

H. C. Moon, *Appellant,* v. Tumwater Paper Mills Company, *Respondent.*[1]

*Ben S. Sawyer,* for appellant.

*William H. Trindle* and *Cleland & Clifford,* for respondent.

Millard, J.—The Olympia Brewing Company's warranty deed of February 10, 1918, conveying four lots to Joseph Barker, reserved in the grantor a railroad right-of-way across the land as follows:

"Lots three (3), four (4), five (5) and six (6), all in Block seven (7) in the town of Tumwater, Thurs-

[1]Reported in 289 Pac. 24.

ton county, Washington, . . . excepting that portion forming a right-of-way forty (40) feet wide, being twenty (20) feet from the center of the tracks.''

That deed was recorded in the office of the auditor of Thurston county on December 24, 1919. The deed of Barker, conveying the four lots to H. O. Peters, December 22, 1919, contained no reference to the brewing company's reservation of the right-of-way.

H. C. Moon, plaintiff herein, testified that he went into possession of the four lots April 5, 1921, under a contract. The contract was not offered in evidence. There is nothing in the record before us disclosing the terms of the contract or the description of the property. Peters deeded the four lots to the plaintiff September 7, 1923. There is no reference in the deed to the brewing company's reservation of the right-of-way. On December 13, 1926, the brewing company conveyed the right-of-way which it had reserved in its deed of February 10, 1918, to the defendant herein. Prior to the commencement of this case, the defendant deeded the right-of-way to the Northern Pacific Railway Company. That company entered into possession of the right-of-way, constructed a railroad track thereon, and, at the time of the trial of this cause, was operating trains thereover. In September, 1927, the plaintiff instituted this action to quiet title to the right-of-way under § 788, Rem. Comp. Stat., and for damages. The trial resulted in a judgment dismissing the action. From that judgment the plaintiff has appealed.

■ The statute upon which appellant relies reads as follows:

"Every person in actual, open and notorious possession of lands, or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such

lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. All persons holding under such possession, by purchase, devise, or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes for the term aforesaid, shall be entitled to the benefit of this section." Rem. Comp. Stat., § 788.

The burden of proving adverse possession is upon the appellant who must show every element necessary to constitute a title under the provisions of Rem. Comp. Stat., § 788.

"The plaintiff, if he prevails at all, must prevail upon the strength of his own title, and not upon the weakness of that of the adversary." *George v. Columbia & Puget Sound R. Co.,* 38 Wash. 480, 80 Pac. 767.

Under the statute it is essential that the claimant exercise actual, open, notorious and continuous possession of the land for seven successive years under claim and color of title, made in good faith, and that the claimant pay all taxes legally assessed on the land during the seven-year period. That the appellant paid the taxes during the seven years may be conceded. Whether he did so mistakenly and because of the failure of the county assessor to segregate upon the tax rolls the right-of-way from the lots as a whole is immaterial. A necessary element is actual, open and notorious possession of the land for seven successive years. There is no evidence in the record that the appellant's possession of this strip of land was different from that of the public generally. There is nothing from which we may even infer that he was in the actual possession and occupation of the strip of land during the required period. He did not inclose the land or cultivate it or devote it to his exclusive use. There is

no positive evidence that the use of the right-of-way as a railroad spur was in fact discontinued. The trial court found:

"That there was a total failure on the part of plaintiff, H. C. Moon, to comply with the requirements of the statute relative to open and notorious possession of the lands in question such as to entitle the plaintiff to claim the benefit of the statute. The plaintiff did nothing that would give notice to the owners that the land in question was being held by the plaintiff. His fences did not include the land. They were old and had evidently been where they now are for many times the period of the statute. Plaintiff made no use of the land other than that made by the public in general, that is, probably crossing it occasionally."

The appellant has not sustained the burden of proving actual, open and notorious possession of the land for the required period, therefore the judgment is affirmed.

BEALS, MAIN, and TOLMAN, JJ., concur.