## IRA METTLER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 26, 1890.*

1. CRIMINAL LAW—*cutting trees upon the land of another—of the indictment.* One of the counts in an indictment charged that the defendant, on, etc., at, etc., "did knowingly and willfully, without color of title made in good faith, cut, fell and destroy ten certain other oak trees standing and growing upon the land of another, to-wit, upon the land of the Dement Cemetery Association, a corporation organized under the laws of the State of Illinois, for lawful purposes, without the consent of the proper authorities of said Dement Cemetery Association, and without the consent of the persons having legal charge thereof, contrary to the form of the statute," etc: *Held*, that an offense under section 269 of division 1 of the Criminal Code was stated substantially in the language of the statute, and the count was sufficient.

2. SAME—*cutting trees in cemetery grounds—advice and consent of the trustees—as a defense—formal resolution not essential.* Where a board of trustees of a cemetery association, on an informal conference, conclude and advise the cutting of certain trees growing on the cemetery grounds, and one of their number, acting under the advice of the others, and believing it to be a benefit to such cemetery, and without any evil design or intent, cuts such trees, he will not be liable under section 269 of division 1 of the Criminal Code.

3. It is a defense to a criminal prosecution of one for cutting and removing trees from cemetery grounds, to show such act was done in pursuance of the advice and consent of those having charge of the cemetery grounds, being the board of trustees thereof, though such consent was not formally given by the passage of a resolution.

4. So on the trial of one of the trustees of a cemetery corporation for cutting down and removing trees growing on the grounds of the company, as was alleged, without the consent of those authorized to give it, he proved that he and his associate trustees had charge of the cemetery, and offered to prove that at a regular meeting of the board of trustees, a majority being present, the removal of the trees was talked over by the members of such board, and the opinion was expressed that the trees ought to be removed, and that a majority of the board assented to such removal,—which the court refused to admit: *Held*, that it was error to refuse the offered evidence.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Ogle county; the Hon. J. H. CARTWRIGHT, Judge, presiding.

Messrs. O'BRIEN & O'BRIEN, for the plaintiff in error:

The count of the indictment was bad, for want of allegations of time and place connected with the material issuable facts. *Wiedemann* v. *People*, 92 Ill. 314; Wharton on Crim. Law, sec. 364.

The court speaks of the land as the land of another. But when? According to the rules of pleading, at the time of the finding of the indictment. 1 Bishop on Crim. Proc. sec. 410; Moore on Crim. Law, sec. 796; *State* v. *Thurston*, 35 Me. 205.

The averment of corporate existence was absolutely essential. *Wallace* v. *People*, 63 Ill. 451; *Staaden* v. *People*, 82 id. 432.

The statute does not require that the consent to cut the trees shall be in writing or by resolution.

The statute does not require a record to be kept of the proceedings of the board, but parol evidence is admissible to show facts omitted from the record. 1 Dillon on Mun. Corp. secs. 237, 238; *Bank* v. *Dandridge*, 12 Wheat. 64; *Westerhaven* v. *Calive*, 5 Ohio, 310; *People* v. *Adams*, 9 Wend. 233; *Stevenson* v. *Bay City*, 26 Mich. 44; *Prather* v. *People*, 85 Ill. 36; *Board of Supervisors* v. *People*, 24 Ill. App. 414.

The statute makes the intent an element of the offense, by requiring the act to be done "knowingly and willfully." Bishop on Stat. Cr. L. secs. 226, 231, 232, 239, 132; 1 Bishop on Crim Law, secs. 303, 304.

An act performed under a *bona fide* claim of right or in the discharge of an official duty is not indictable as malicious mischief. Ibid. secs. 232 a, 596, 596 a; 2 Bishop on Crim. Law, sec. 998.

The word "knowingly" will supply the place of positive averment that the defendant knew the facts subsequently stated. It means more than "intentionally." In this case it

means that the defendant knew the subsequently stated fact that he had not consent.   Moore on Crim. Law, sec. 781; 1 Bishop on Crim. Pr. sec. 504; 1 Chitty on Crim. Law, sec. 241; Bishop on Stat. Crimes, secs. 824, 729, 1022.

The word "willfully" approximates the idea of a milder kind of malice, and in the sense in which it is used in the statute, means "corruptly;" "with a bad purpose."   Moore on Crim. Law, sec. 791; 1 Bishop on Crim. Law, sec. 428; *Commonwealth* v. *Kneeland,* 20 Pick. 206; *State* v. *Gardner,* 2 Mo. 23; *Trimble* v. *Commonwealth,* 2 Va. Cas. 143; *Harrison* v. *State,* 37 Ala. 159; *Chapman* v. *Commonwealth,* 5 Whart. 427.

Mr. D. W. BAXTER, State's Attorney, and Mr. M. D. HATH-AWAY, for the People:

No description of the land was necessary in the indictment. 1 Wharton on Precedents, 473, 474, 476, 483, 484; 3 Archbold on Crim. Pl. 506.

The strictness formerly applied to indictments has been greatly relaxed.   2 Barb. 216.

Where an offense is purely statutory, it is sufficient to allege it in the language of the statute.   *Mohler* v. *People,* 24 Ill. 27; *Cross* v. *People,* 47 id. 153; *Cole* v. *People,* 84 id. 216; Crim. Code, sec. 468, Starr & Curtis' Stat.; *Commonwealth* v. *Brown,* 141 Mass. 78; *Howard* v. *State,* 87 Ind. 68; *Ellars* v. *State,* 25 Ohio St. 385; *Riley* v. *State,* 43 Miss. 397; *State* v. *Jackson,* 39 Conn. 229; *State* v. *Smith,* 46 Iowa, 662.

Where time and place have been once alleged in an indictment, the words "then and there" need not be in every subsequent material allegation.   *Turpin* v. *State,* 80 Ind. 148; *Fish* v. *State,* 9 Neb. 62; *Commonwealth* v. *Kenyon,* 83 Mass. 6.

It is maintained by some courts that the omission of the words "then and there," in an indictment, is immaterial.   *State* v. *Willis,* 78 Me. 70; *Commonwealth* v. *Langley,* 80 Mass. 21; *State* v. *Marchant,* 15 R. I. 539; *State* v. *Doyle,* id. 527; *State* v. *Sparrow,* 2 Taylor, 93; *Jackson* v. *People,* 18 Ill. 269.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Ira Mettler, for a violation of section 269 of the Criminal Code, which is as follows: "Whoever shall knowingly and willfully, without color of title made in good faith, cut, box, bore or destroy any tree or sapling standing or growing upon the land of another, without the consent of the owner of the land, or if the land belongs to the State, is school land, canal land, or belongs to any association or corporation, without the consent of the proper authorities or persons having legal charge thereof, shall be fined not less than $3 nor more than $200, or confined in the county jail not exceeding three months."

The indictment contained five counts. The court quashed the second count, and the jury found the defendant guilty as charged in the third count, and not guilty as to the remaining counts. It will therefore only be necessary to consider the case as to the charge contained in the third count of the indictment.

The third count charged "that Ira Mettler, late of the said county of Ogle and State aforesaid, on the 20th day of January, in the year of our Lord one thousand eight hundred and eighty-nine, at and within the county of Ogle in the State of Illinois, did knowingly and willfully, without color of title made in good faith, cut, fell and destroy ten certain other oak trees standing and growing upon the land of another, to-wit, upon the land of the Dement Cemetery Association, a corporation organized under the laws of the State of Illinois for lawful purposes, without the consent of the proper authorities of said Dement Cemetery Association, and without the consent of the persons having legal charge thereof, contrary to the form of the statute," etc.

It is claimed that this count of the indictment is insufficient. It will be observed that the indictment states the offense in the language of the statute which created the offense,

and that is all that seems to be required by section 468 of the Criminal Code. That section declares: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." It may be that under the old rules of criminal pleading the indictment might not be technically accurate, but under the statute, as it has been construed in similar cases, we regard it sufficient. *Loehr* v. *The People*, 132 Ill. 504, and cases there cited.

It was proven on the trial that plaintiff in error cut ten oak trees standing on the ground of the Dement Cemetery Association, on the 20th day of January, 1889, and removed the wood to his residence. Indeed, the cutting of the trees and removing the wood were not denied. It was also proved on the trial that the Dement Cemetery Association was a corporation at the time the trees were cut, and that plaintiff in error was one of the original incorporators, and that at the time of the cutting of the trees, plaintiff in error, Pierce, Reese, Fogleman and Rossman were the trustees of the corporation, who had charge of the cemetery. The evidence also shows that at the time of the cutting plaintiff in error was the secretary and treasurer of the association, and had the principal charge of its management.

On the trial the defendant offered to prove, that at a regular meeting of the board of trustees of the association, a majority of the board being present, the removal of the trees in question was talked over by the members of the board, and the opinion was expressed that the trees ought to be removed, and that a majority of the board assented to the removal. This offered evidence was excluded by the court, and an exception preserved to the ruling. There was, however, some evidence introduced tending to prove that a majority of the board of trustees assented to the removal of the trees before they were cut by the

defendant, and upon that branch of the case the court was requested to give the following instruction, which the court refused:

"6. You are instructed, that if you believe, from the evidence and all the circumstances in evidence, that the defendant, Ira Mettler, prior to the cutting of the trees, was a member of the board of trustees of the Dement Cemetery Association, and, as such trustee, advised with other members of said board of trustees with reference to the cutting of the trees; that such other trustees advised that the trees should be cut, and the defendant, acting in good faith upon such advice, and believing it would be a benefit to said cemetery, and without any evil design or intent, did cut the trees, then you should find the defendant not guilty."

It is true that a corporation, in the transaction of its ordinary business, acts through a resolution passed by the trustees or managers of the corporation; but the general rule requiring the acts of a corporation to be evidenced by a resolution of its board, has no application to the question involved in the ruling of the court on the admission of the evidence and on the instruction. The defendant was indicted for a criminal offense,— for knowingly and willfully, without color of title, cutting trees belonging to a corporation, without the consent of the proper authorities. Suppose these trustees all agreed that it was for the best interest and welfare of the association that the trees should be cut and removed from the cemetery grounds, and they directed the defendant to cut and remove the same, we think it is plain that if the defendant had acted under such direction and authority it could not in justice be said that his action was willful, or that he was guilty of a crime in carrying out the wishes of the board of trustees. These trustees, including the defendant, were in the possession of the land belonging to the corporation. They had charge of the grounds, and the management and improvement thereof, and if they, constituting a majority of the board, saw proper to cut a tree,

dig a ditch to drain the grounds, remove a fence, or make any other slight improvement, we think it might be done without subjecting the persons engaged in the work to a criminal prosecution, notwithstanding the board was not assembled and a resolution adopted directing the work to be done. Moreover, the section of the statute under which the defendant was indicted requires the act to be done knowingly and willfully, without color of title made in good faith, and without the consent of the proper authorities or persons having legal charge thereof. In what manner shall consent be given to remove from the act the criminal intent which lies at the threshold of every crime? This statute does not declare that such consent shall be given by a resolution duly passed and recorded, and in the absence of a provision of that character we are inclined to hold, in a criminal proceeding, consent may be proven in the manner offered by the defendant. The offered evidence should, in our opinion, have been admitted, and the instruction asked should have been given.

For the errors indicated the judgments of the Appellate and circuit courts will be reversed and the cause remanded.

*Judgment reversed.*