[No. 5843. Decided February 15, 1906.]

C. C. MAY, *Appellant,* v. EDMUND SUTHERLIN, *Respondent.*[1]

LIMITATIONS OF ACTIONS—BY MINOR TO RECOVER REAL PROPERTY—
STATUTE—WHEN BEGINS TO RUN. Under Bal. Code, § 4809, the time
during which the owner of land is a minor is not a part of the time
limited by Bal. Code, §§ 4796, 4797, requiring actions for the pos-
session of land to be commenced within ten years; and an action
commenced within four years after the minor attains his majority
is within time.

ADVERSE POSSESSION—PAYMENT OF TAXES. Where title to land is
claimed by adverse possession and the payment of taxes for seven
years, under Bal. Code, § 5503, the claim of title must be made in
good faith.

ADVERSE POSSESSION—CLAIM AND COLOR OF TITLE—GOOD FAITH—
PURCHASE PENDENTE LITE. One who purchases land pending an action
to recover possession and quiet the title and, after the judgment of
a court of competent jurisdiction against his predecessor, holds pos-
session in defiance of the judgment, is without color of title or good
faith, although he was not served with process and no notice of *lis
pendens* was filed.

LIS PENDENS—ACTION TO RECOVER POSSESSION OF REAL ESTATE.
Notice of the pendency of an action to recover the possession of real
estate is not necessary under Bal. Code, §§ 5515, 5518, providing
that such actions shall not be affected by alienation *pendente lite,*
and that judgment as to the right of possession shall be conclusive
on the parties, and those claiming under them after the commence-
ment of the action, which sections are not superseded or controlled
by the general statute, Bal. Code, § 4887, providing for the filing of
notice of *lis pendens* in certain forms of actions.

Appeal from a judgment of the superior court for Lincoln
county, Poindexter, J., entered April 19, 1905, upon findings
in favor of the defendant, on a cross-complaint, after a trial
on the merits before the court without a jury, in an action
to quiet title. Affirmed.

*H. A. P. Myers,* for appellant.

*Alfred M. Craven* and *Joseph Sessions,* for respondent.

[1]Reported in 84 Pac. 585.

RUDKIN, J.—Some time prior to the 21st day of August, 1889, John Y. Sutherlin entered the land in controversy in this action, under the homestead laws of the United States. On the above date Sutherlin died intestate in Lincoln county, and thereafter one Alice Rice, claiming to be the widow of said Sutherlin, made final proof and obtained patent for said lands, pursuant to said homestead laws. On the 8th day of July, 1891, the defendant Edmund Sutherlin, then a minor, through his guardian *ad litem,* brought an action in the superior court of Lincoln county, against the said Alice Rice, to recover possession of said homestead claim, and to quiet his title thereto. Thereafter such proceedings were had in said action that, on the 12th day of March, 1894, a judgment was duly entered, adjudging the defendant herein to be the owner in fee of said lands, and that the said Alice Rice and all persons claiming under her as purchasers, incumbrancers, or otherwise, were forever barred of all right, claim, or equity in or to said lands, and every part thereof. This judgment was never appealed from, and remains of full force and effect.

On the 30th day of November, 1891, while said last mentioned action was pending and before final judgment therein, the plaintiff in this action purchased the premises in controversy from the said Alice Rice, and immediately entered into possession thereof, and has continued such possession ever since. The plaintiff in this action was not made a party to said last mentioned action, and no notice of the pendency of said action was filed in the office of the county auditor of said Lincoln county. On the 26th day of March, 1894, the defendant herein commenced a further action against the plaintiff herein in the same court, to recover the possession of the lands in controversy. This last mentioned action was dismissed for want of prosecution on the 29th day of September, 1903.

The plaintiff brought the present action against the defendant to quiet his title to said lands, alleging in his complaint

that he was the owner in fee and had been in the actual possession thereof for more than ten years. The answer puts the plaintiff's title in issue, admits his possession for more than ten years, avers that the defendant did not arrive at the age of majority until the 28th day of February, 1901, and pleads the above mentioned judgment in bar of the action. The defendant also filed a cross-complaint, asking for the recovery of the possession of the premises in controversy and for damages for their detention. The case was tried before the court without a jury, and resulted in findings and a judgment in favor of the defendant, according to the prayer of his cross-complaint. From this judgment the plaintiff has appealed.

The only question presented on the appeal is that of the appellant's title to the lands in controversy, and the only title claimed by him is under the seven and ten year statutes of limitation. Bal. Code, §§ 4796, 4797, provides that actions for the recovery of real property or for the recovery of the possession thereof must be brought within ten years after the cause of action shall have accrued, and no action shall be maintained for such recovery unless it appears that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within ten years before the commencement of the action. Section 4809 provides that if a person entitled to bring an action be at the time the cause of action accrues, either under the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of the action. It is conceded that the respondent was a minor at the time the right of action to recover the premises in controversy accrued, and that he did not attain his majority until February, 1901. It is manifest, therefore, that the ten-year statute of limitations cannot avail the appellant.

Bal. Code, § 5503, provides that,

"Every person in actual, open and notorious possession of lands or tenements, under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

Bal. Code, § 5505, provides that a minor shall commence an action to recover lands and tenements held or claimed under the above section within three years after attaining his majority. The application of the last statute mentioned depends upon whether the appellant was in possession under claim and color of title made in good faith, and this in turn depends upon whether he was bound by the judgment in the prior action brought against his predecessor in interest, he being a *pendente lite* purchaser. For, if bound by that judgment, it completely destroyed all claim or color of title as effectually as would a deed from the appellant to the respondent of the same date. As said by the court in *Sholl v. German Coal Co.*, 139 Ill. 21, 28 N. E. 748:

"The important inquiry then is, whether Gideon H. Rupert, at the time he paid taxes and held possession as stated, had color of title, as the three must unite to authorize a recovery. The deed from Ansel Haines and Jonathan Haines of April 12, 1853, to Rupert and Gill, and the deed of November 17, 1855, from Gill to Rupert, were sufficient to place color of title in Gideon H. Rupert, and had nothing transpired to divest such title, we would feel inclined to hold that under such color, and the payment of taxes and possession, as we have heretofore mentioned, a recovery might be had. But in September, 1869, by the decree of the circuit court in the partition suit heretofore mentioned, Gideon H. Rupert was divested of all title to the land involved in the northwest quarter of section 12, and his payment of taxes and possession after that date was under no title whatever, as the decree had deprived him of title. Suppose that Rupert had conveyed the premises to a third party by quitclaim deed,

and after making such deed had continued in possession and paid taxes for seven successive years; under such circumstances would he be entitled to claim the benefit of the statute of limitations? In *Heacock v. Lubuke,* 107 Ill. 396, we held that after a conveyance a party could not claim the benefit of the statute. The same principle has been laid down in *Harris v. Herdeman,* 27 Texas 248, and in *Gower v. Quinlan,* 40 Mich. 572. By the decree the title of Rupert was in effect extinguished, and after that time he occupied as one holding the possession of land under no paper title."

But it should require no argument to show that a party who holds property contrary to, and in defiance of, the judgment of a court of competent jurisdiction, is without color or claim of title, and that good faith is entirely wanting.

Counsel suggests, however, that this judgment was not binding on the appellant, because he was a *pendente lite* purchaser, was not made a party to the action, and no notice of *lis pendens* was filed. Bal. Code, § 5515, provides that,

"An action for the recovery of the possession of real property against a person in possession cannot be prejudiced by any alienation made by such person either before or after the commencement of the action; . . ."

Section 5518 provides that,

"In an action to recover the possession of real property, the judgment therein shall be conclusive as to the estate in such property and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom the same is given, and against all persons claiming from, through, or under such party after the commencement of such action, except as in this section provided. When service of the notice is made by publication, and judgment is given for failure to answer, at any time within two years from the entry thereof, the defendant, or his successor in interest as to the whole or any part of the property, shall, upon application to the court, or judge thereof, be entitled to an order vacating the judgment, and granting him a new trial, upon the payment of the costs of the action."

It is true that section 61 of the Code of 1881, which was in force at the time the former action was commenced and the

conveyance to appellant made, and Bal. Code, § 4887, which was in force at the time of the rendition of the final judgment, provide for the filing of a notice of *lis pendens* in actions affecting real property; but the former sections are special, relate to a particular class of actions, and are not superseded or controlled by the general statute relating to notice of *lis pendens*. It was so held in *Sheridan v. Andrews,* 49 N. Y. 478, and *Webster v. Pierce,* 108 Wis. 407, 83 N. W. 938, under similar statutory provisions, and this is in accord with the general rule of statutory construction.

We are therefore of opinion that the appellant has no title to the property in controversy, under the statute of limitations or otherwise, and the judgment of the court below is accordingly affirmed.

MOUNT, C. J., HADLEY, FULLERTON, DUNBAR, ROOT, and CROW, JJ., concur.