[No. 13474. *En Banc.* November 2, 1917.]

HANNAH BASSETT *et al.*, *Respondents*, v. THE CITY OF SPOKANE, *Appellant.*[1]

TAXATION—SALE—TITLE. A tax foreclosure does not determine title, but is a proceeding *in rem*, and a source of a new and independent title, superior to all prior titles.

ADVERSE POSSESSION—COLOR OF TITLE—INVALID TAX DEED. The seven-year statute relating to adverse possession under color of title and payment of taxes is fully met by possession under a tax deed having the semblance or appearance of title, whatever its validity to pass the title.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 3, 1916, upon findings in favor of the plaintiffs, in an action to quiet title, tried to the court. Affirmed.

*H. M. Stephens, Dale D. Drain, J. M. Geraghty,* and *Alex. M. Winston (Ernest E. Sargeant,* of counsel), for appellant.

*R. L. Edmiston,* for respondents.

[1]Reported in 168 Pac. 478.

## On Rehearing.

Morris, J.—This is the same case reported in 93 Wash. 413, 161 Pac. 65, rehearing having been granted upon petition of appellant.  On the rehearing it is urged that, in holding respondents had color of title, we held contrary to *May v. Sutherlin*, 41 Wash. 609, 84 Pac. 585, where it was said that a party claiming color of title under a deed was barred by judgment against his immediate grantor in an action brought to recover possession of the property and to quiet title thereto, it being now argued that, if the judgment in that case was effectual to destroy color of title claimed under the deed, judgment in an action foreclosing a certificate of delinquency would, by the same reason, destroy respondents' color of title under their deed.  There is a marked distinction between the two cases and the two judgments.  One is a judgment in a proceeding *in personam*, and the other is a judgment in a proceeding *in rem*.  In the *May* case, the action was brought to determine the title to the property as between two contenders ; it was an action *in personam* directed against the claimant and the title under which he claimed.  Each party submitted his title to the court, the prevailing of one title necessarily destroying the other.  That was the purpose of the action and that was its effect.  The judgment, being *in personam*, affected all the right, title and interest whatever its extent or nature under which the losing party claimed ; it destroyed every feature of that right or title and all that it represented or could establish.

We have no doubt that color of title may be lost as effectually through judgment in an action *in personam* which directly affects the title as through a deed or other voluntary act of the party which would work an estoppel.  This is all that the *May* case decides.

The foreclosure proceeding through which appellant derives title was not a determination of title; in such cases title is not, and cannot be made, an issue.  It is not even

necessary that the title be brought into the action, the statute making it sufficient if the party against whom the tax is assessed is brought in. It was not a proceeding against the owner. It was a pure action *in rem* and, irrespective of the title, it determined nothing other than the validity of the tax, the subjection of the property to the tax, and the enforcement of the tax lien as against all other liens or titles however acquired or however held. The judgment must be the same irrespective of the title, and the only effect on the title is that the judgment of foreclosure is the source of a new and independent title, superior to all prior titles. It marks a straight line between the old and the new titles, destroying the validity of the old title as a title and forever barring any enforcement of that title as a valid subsisting title. *Gustaveson v. Dwyer*, 78 Wash. 336, 139 Pac. 194.

The seven-year statute, under which our first decision rests, does not require title of any character but color of title. Color of title is that which is a semblance or appearance of title, but is not title in fact nor in law. A claim to property under the terms of some conveyance, however incompetent to carry or pass the title, is strictly color of title. *Wright v. Mattison*, 59 U. S. (18 How.) 50; *Mullan's Adm'r v. Carper*, 37 W. Va. 215, 16 S. E. 527; *Swann v. Thayer*, 36 W. Va. 57, 14 S. E. 426; *Swift v. Mulkey*, 17 Ore. 532, 21 Pac. 871; *Paragould Abstract & Real Estate Co. v. Coffman*, 100 Ark. 582, 140 S. W. 730, L. R. A. 1915B 1006; *Beverley v. Burke*, 9 Ga. 440, 54 Am. Dec. 351; *Jasperson v. Scharnikow*, 150 Fed. 571, 15 L. R. A. (N. S.) 1178, note 1215-1218; 2 C. J. 169; 1 R. C. L. 707.

Respondents' title not being involved in the foreclosure proceedings, if we concede that the effect of that judgment in creating a new and superior title destroyed the validity of their title as a valid enforcible title, color of title, not being based upon validity of title, would still exist. The deed was still the semblance or appearance of title, whatever its validity to pass the title; and the payment of the taxes for seven

years, there being no question of good faith under the deed as color of title, meets every requirement of the statute.

Judgment affirmed.

All concur.