**230 P.2d 979**

**WILSON et al. v. KAVANAUGH et al.**

**No. 5308.**

Supreme Court of New Mexico.

April 30, 1951.

C. C. Davidson, Robert M. Rowley, Tucumcari, for appellants.

James L. Briscoe, Tucumcari, for appellees.

PER CURIAM.

Upon the court's own motion, the former opinion on this appeal is withdrawn and the following substituted therefor:

SADLER, Justice.

This is an appeal by the plaintiffs below from a decree quieting title in defendants to certain land located in Quay County, New Mexico. A statement of the facts upon which the decree rests will follow.

On February 11, 1914, a patent was issued to William F. Wagner to the following described land located in Quay County, New Mexico, to-wit: The west one-half (W½) of section fourteen (14) in Township eight (8), North of Range thirty-four (34) east of New Mexico Merdian, New Mexico, containing three hundred twenty (320) acres.

The real estate described in the patent was community property of William F. Wagner and Jemima Elizabeth Wagner, husband and wife, who were married to each other in the month of December, 1900. At some time between the date of marriage and November 2, 1914, domestic trouble developed and on the latter date, apparently preliminary to divorce, they entered into a separation agreement by the terms of

which they settled all their property and marital rights. Among other things the husband agreed "in a reasonable time" thereafter "to perfect the title and obtain the record title" to the land described in his patent and to convey to his wife by warranty deed an undivided one-half interest in said real estate. It is difficult to understand his covenant "to perfect and obtain the record title," since his patent ordinarily deemed to transfer a perfect title was dated nearly nine months prior to the separation agreement. However, the patent may have had delayed delivery since it was not actually filed for record until October 6, 1916. This perhaps explains reference in the separation agreement to "perfecting" title and "obtaining record title."

A divorce between the parties took place subsequently and on January 14, 1919, William R. Wagner, having defaulted in his obligation to make the conveyance promised, the former wife who had remarried in the meantime, as Jemima Elizabeth Brittain, instituted a suit against him in the district court of Quay County, New Mexico, asking partition of the land described in the complaint. Substituted service by publication was had on defendant, a nonresident, and the property was ordered partitioned in kind by the commissioners named in the partition suit. The court appointed a Special Master to convey to the plaintiff, Jemima Elizabeth Brittain, the northwest quarter (NW¼) of section fourteen (14), Twp. 8, North, Range 34 East, N.M.P.M., the quarter section awarded her by the report of the commissioners. The conveyance, dated September 24, 1919 ordered by the court was duly made by the Special Master and his report thereof was approved by the court.

Subsequently, Jemima E. Brittain, joined by her husband Joseph F. Brittain, by deed dated December 10, 1919, conveyed the land for which she had received Special Master's deed to one Roscoe E. Kavanaugh. Following the conveyance just mentioned, Roscoe E. Kavanaugh died intestate, leaving surviving him as sole heirs at law, Alice Kavanaugh, his wife, and James W. Kavanaugh, a son. They are the defendants in whose favor title was quieted by the decree herein to the land set over to Jemima Elizabeth Brittain in the partition suit and subsequently conveyed by her and her husband to Roscoe E. Kavanaugh, as aforesaid.

In the meantime and nearly 30 years subsequent to the conveyance, just mentioned, William F. Wagner at his home in Grundy County, Missouri, where he had resided for many years, for one ($1.00) dollar and other unnamed consideration made and delivered to Leo M. Wilson and Frances E. Wilson, the plaintiffs herein, a quitclaim deed conveying all interest and title possessed by the grantor to the entire half section of land embraced in the patent he had received from the United States many years before. This deed, of course,

included the quarter section of land which the defendants claimed as heirs of Roscoe E. Kavanaugh.

It should be added that possession of the land described in his patent was in William F. Wagner, either personally or through a tenant, from the date of the patent until the 31st day of March, 1948, when he executed and delivered his quitclaim deed to the plaintiffs, Leo M. Wilson and Frances E. Wilson, purporting to convey to them the entire acreage described in the patent. Wagner's possession was through a tenant from 1931 until he executed the deed to the plaintiffs, as aforesaid, and the same tenant continued in possession for them until the time of trial.

The plaintiffs rely upon two claims of error to overturn the judgment rendered below. First, it is said the trial court erred in failing to adopt a requested finding of fact that the original patentee, William F. Wagner, the predecessor in title of plaintiffs "held and continuously held the actual, visible and adverse possession of the said real estate from the date of said patent until the 31st day of March, 1948." It will be recalled that the date just given is that of the quitclaim deed from Wagner to the plaintiffs, Leo M. Wilson and Frances E. Wilson.

The trial court refused the tendered finding but might very well have adopted it save for inclusion therein of the word "adverse". As a matter of fact to have made this requested finding in the form tendered would have put the trial court in the position of finding the patentee as holding "adversely" to his wife at a time when, in so far as the record shows, they were living happily together in domestic bliss. Likewise, to have granted the requested finding in the form tendered, would have recognized the patentee as holding "adversely" to his wife throughout the period following separation and divorce down to the partition proceedings while himself in default on a valid, legal obligation to convey her an undivided half interest in the land, with nothing in the nature of an ouster on his part to put her on notice that he claimed adversely.

It is well to remember, too, that in obligating himself in the separation agreement to convey to his wife an undivided one-half interest in the patented land, the patentee, William F. Wagner, was doing no more than agreeing to perfect in his wife what already was rightfully hers as a community interest in such real estate. The trial court had ample basis in the evidence to refuse this finding.

Thus it is that at no time prior to the conveyance in partition to Jemima Elizabeth Brittain of the land awarded her in such proceedings was there an adverse holding by William F. Wagner, the plaintiffs' predecessor in title. The trial court

properly refused to find otherwise. Subsequent to the partition proceedings, the possession of Wagner under the patent from the government to him could no longer constitute color of title in so far as it related to the quarter section of land awarded his former wife in such proceedings. The trial court could not properly find an adverse holding at any time after partition down to the conveyance from Wagner to the plaintiffs on March 31, 1948. This was within one year of the filing of the present suit, too short a period of adverse holding to be of any legal consequence. As said by the author of the text on "Adverse Possession" in 2 C.J.S., Adverse Possession, § 69, p. 585: "One cannot successfully claim adverse possession under color of title where he has deprived himself of the color relied upon by conveyance to another, or has been deprived of the color of title relied upon by a judgment or decree, or by a sale under execution, or under power of sale given in a mortgage executed by claimant." City of Albuquerque v. Huddleston, 55 N.M. 240, 230 P.2d 972. See, also, 2 C.J. 198, § 402; Sholl v. German Coal Co., 139 Ill. 21, 28 N.E. 748; Shaw v. Thompson Bros. Lumber Co., Tex.Civ.App., 177 S.W. 574.

Next, it is said the trial court never acquired jurisdiction in the partition suit because of defective substituted service by publication on the nonresident defendant, William F. Wagner. If the service was defective, plaintiffs' counsel failed to demonstrate it. He offered in evidence a letter from Wagner to himself, dated February 6, 1947, in which, as counsel asserted, Wagner denied knowledge of the suit, or "notification of the same *legally.*" (Italics ours). Objection to the letter as hearsay was properly sustained. Wagner did not testify, nor was any deposition by him tendered in evidence. An abstract containing certain portions of the proceedings in the partition suit was certified up along with the transcript. But in nothing brought to our attention in either transcript or abstract is there any affirmative showing of a want of jurisdiction in the district court to render the judgment it did in the partition suit. The court did not err in declining to hold void the judgment in the partition suit. McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970.

Finding no error the judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.