[No. 10859–7–III. Division Three. June 25, 1991.]

MILDRED DAUBNER, *Appellant,* v. HELEN MILLS, *Respondent.*

*Michael J. Hemovich, Leland G. Fellows,* and *Hemovich, Nappi, Oreskovich & Butler,* for appellant.

*Milton G. Rowland, Carol L. Eng,* and *Paine, Hamblen, Coffin, Brooke & Miller,* for respondent Mills.

*Leslie R. Weatherhead, Brian T. Rekofke,* and *Witherspoon, Kelley, Davenport & Toole, P.S.,* for respondent Weatherhead.

GREEN, C.J.—Mildred Daubner appeals the summary dismissal of her action for adverse possession under color of title of a strip of land located at the boundary between her and Helen Mills' properties. RCW 7.28.070.[1] At issue is the effect of a 1981 judgment quieting title to the strip in Mrs.

---

[1]RCW 7.28.070 provides in part:

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession, and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title."

Mills.[2] We hold the prior judgment prevented Mrs. Daubner from claiming under color of title. We therefore affirm the dismissal.

The findings and conclusions entered in the 1981 judgment state that Mrs. Mills purchased her home in 1950 and has resided there continuously since that time. In 1966, Mrs. Daubner purchased a home to the south of Mrs. Mills' property.

In 1951, Mrs. Mills had a rock retaining wall built along a portion of what she believed to be the southern boundary of her property. In 1956, Mrs. Mills and Mrs. Daubner's predecessor in interest, Gilbert Bailiss, built a wood fence extending from the southwest corner of the Mills' property to the southwest corner of the retaining wall. Both Mrs. Mills and Mr. Bailiss recognized the fence as the north/south boundary between their respective properties.

In 1978, Mrs. Daubner had her property surveyed. The survey revealed that the rock wall encroached 18 to 24 inches onto Mrs. Daubner's property. Based on the survey, Mrs. Daubner erected a chain link fence on top of the rock wall along the surveyed property line.

In March 1981, Mrs. Daubner brought an action alleging Mrs. Mills had trespassed when she trimmed the branches of maple trees extending over the wood fence. The court concluded the wood fence was the boundary between the properties, citing the fact it had been so recognized by Mrs. Daubner's predecessor for 11 years before Mrs. Daubner purchased the property. The court also concluded Mrs. Mills had obtained title by adverse possession to the strip upon which the rock wall encroached and Mrs. Daubner's erection of the chain link fence in 1978 was insufficient to divest Mrs. Mills of title. The court quieted title to the property in Mrs. Mills. In the judgment entered in October

---

[2]Leslie R. Weatherhead has purchased Mrs. Mills' property. He joins in the brief filed by Mrs. Mills in this appeal.

1981, the court stated Mrs. Mills "may have a survey conducted to obtain an accurate legal description of said strip of real property for purposes of recording her title thereto". She did so, and a 1984 ex parte order modified the 1981 judgment to include the precise legal description.

In May 1989, Mrs. Daubner brought this action, alleging she had continued to pay taxes on the property described in her 1966 statutory warranty deed, including the strip which the court in 1981 quieted title in Mrs. Mills. She also alleged she had maintained possession of the strip since 1981 in an actual, open and notorious, uninterrupted, exclusive and hostile manner. Mrs. Daubner sought an order granting her title by adverse possession, based upon her possession under claim and color of title.

Mrs. Mills answered, alleging any use by Mrs. Daubner of the strip in question had been with her permission and the 1981 judgment was determinative of Mrs. Daubner's present claim. Mrs. Mills successfully moved for summary dismissal on the ground Mrs. Daubner lacked essential elements of adverse possession under RCW 7.28.070, including good faith and color of title.

Under RCW 7.28.070, a person who for a period of 7 years is in actual, open, and notorious possession of lands *under claim and color of title* and who also pays all taxes legally assessed, shall be adjudged to be the legal owner of said lands. In *May v. Sutherlin,* 41 Wash. 609, 613, 84 P. 585 (1906), the court held that "a party who holds property contrary to, and in defiance of, the judgment of a court of competent jurisdiction, is without color or claim of title . . .". There, the widow of a homesteader obtained a patent for her late husband's land. Subsequently, the minor son of the husband successfully brought an action to quiet title to the land in him. While the minor's action was pending, the wife sold the property to Mr. May, who continued in possession for several years. When Mr. May sought to quiet title in himself against the son, the court held Mr. May was

not in possession under claim and color of title made in good faith. The court reasoned Mr. May was bound by the judgment in the prior action against his predecessor in interest.

The rule set out in *May* is well established. Annot., *Scope and Application of the Doctrine That One Cannot Successfully Claim Adverse Possession Under Color of Title Where He Has Deprived Himself or Been Deprived of the Color Relied On,* 136 A.L.R. 1349, at 1354 (1942); 2 C.J.S. *Adverse Possession* § 76, at 752 (1972). *See also Cooper v. Cook,* 220 Ark. 344, 247 S.W.2d 957 (1952); *Wilson v. Kavanaugh,* 55 N.M. 252, 230 P.2d 979 (1951).[3]

Here, Mrs. Daubner claims color of title based on her original warranty deed. But that title, as it related to the disputed strip, was extinguished when the court quieted title in Mrs. Mills in 1981. *See* 5 G. Thompson, *Real Property* § 2541, at 587 (1979 repl.) (adverse possession extinguishes real owner's title). Color of title must purport to pass title, and the claimant must believe it to be a valid title. W. Robillard & L. Bouman, *Surveying and Boundaries* § 22.06, at 615 (5th ed. 1987). Mrs. Daubner was a party to the 1981 judgment. She knew the warranty deed no longer provided valid title to the strip. Thus, *May* applies, since her continued claim was in defiance of the

---

[3]In *Wilson,* the plaintiff's predecessor had acquired in 1914 a patent describing the disputed land. In 1919, the former wife of the plaintiff's predecessor instituted a suit for partition of the land and obtained a decree in which a portion of the property was conveyed to her. The former wife then conveyed the land to Mr. Kavanaugh, the defendant. The plaintiff's predecessor continued in possession until he conveyed to the plaintiff. The court cited the above rule and held the possession of the plaintiff's predecessor under the government patent was not under color of title insofar as it related to the portion of the land awarded to his former wife in 1919. *Wilson,* 230 P.2d at 981–82.

In *Cooper,* the court also applied the above rule in holding the heirs of a landowner had been divested of title by an administrator's sale of the property for the purpose of paying off debts of the landowner's estate. Although the heirs continued in possession, the court held in 247 S.W.2d at 958 that they could not successfully claim their possession was under color of title. Nevertheless, the court quieted title in the heirs because they had been in actual adverse possession for the statutory period. *Cooper,* 247 S.W.2d at 960.

1981 decree, and she acted without color of title.[4] The court did not err when it dismissed her action.

Mrs. Daubner attempts to distinguish *May*. She relies upon *Bassett v. Spokane,* 98 Wash. 654, 168 P. 478 (1917). In *Bassett,* the property had been sold by the City of Spokane pursuant to a judgment of foreclosure in an action in rem for delinquent taxes. *Bassett,* at 655–56, held:

> The foreclosure proceeding through which appellant derives title was not a determination of title; in such cases title is not, and cannot be made, an issue. It is not even necessary that the title be brought into the action, the statute making it sufficient if the party against whom the tax is assessed is brought in. . . . It was a pure action *in rem* and, irrespective of the title, it determined nothing other than the validity of the tax, the subjection of the property to the tax, and the enforcement of the tax lien as against all other liens or titles however acquired or however held. The judgment must be the same irrespective of the title, and the only effect on the title is that the judgment of foreclosure is the source of a new and independent title, superior to all prior titles.

Since the respondents' title was not involved in the foreclosure proceeding, the court held at page 656 that their deed still had the semblance or appearance of title. Thus, their claim under their deed was a claim under color of title.

According to Mrs. Daubner, *Bassett* applies because the distinctions between in rem and in personam proceedings have been abolished. In *Shaffer v. Heitner,* 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569, 2584 (1977), the court held that assertions of jurisdiction in proceedings in rem must be evaluated according to the standards of fair play and substantial justice.

*Shaffer* does not operate to Mrs. Daubner's benefit. The 1981 action was in personam; she does not contend that the court there acquired jurisdiction over her in violation of notions of fair play and substantial justice. The only possible application of *Shaffer* to the question of whether a prior decree prevents a person from possessing property

---

[4]Because we hold that Mrs. Daubner did not claim under color of title, we need not reach her contention that the trial court erred when it held she did not act in good faith.

under color of title is in the tax foreclosure situation. *I.e.,* if a title owner is now given notice of such proceedings, as required by *Shaffer,* then that notice may also destroy his or her ability to claim possession under color of title following entry of a decree of foreclosure. Even this application may be suspect, given *Bassett*'s language that a foreclosure on a tax delinquency determines not title, but liability for assessed taxes.

Mrs. Mills cross–appeals from the trial court's refusal to find Mrs. Daubner's action frivolous and award Mrs. Mills attorney fees under RCW 4.84.185.

Former RCW 4.84.185 provides in part:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross–claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross–claim, third party claim, or defense. This determination shall be made upon motion by the prevailing party after an order of dismissal, order on summary judgment, or final judgment after trial or other final order terminating the action as to the prevailing party.

 The decision to award attorney fees is left to the trial court's discretion and will not be disturbed in the absence of a clear showing of abuse. *Fluke Capital & Mgt. Servs. Co. v. Richmond,* 106 Wn.2d 614, 625, 724 P.2d 356 (1986); *Clarke v. Equinox Holdings, Ltd.,* 56 Wn. App. 125, 132, 783 P.2d 82, *review denied,* 113 Wn.2d 1001 (1989). Therefore, the question is whether the court's conclusion was the product of an exercise of discretion that was manifestly unreasonable or based on untenable grounds or reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *Layne v. Hyde,* 54 Wn. App. 125, 135, 773 P.2d 83, *review denied,* 113 Wn.2d 1016 (1989). We hold it was not.

██ A frivolous action has been defined as one that cannot be supported by any rational argument on the law or facts. *Bill of Rights Legal Found. v. The Evergreen State College,* 44 Wn. App. 690, 696–97, 723 P.2d 483 (1986).

Here, Mrs. Daubner supported her action by argument which attempted to distinguish *May* based upon the reasoning of the later *Bassett* and *Shaffer* decisions. The trial court rejected that argument, but did not characterize it as irrational. The trial court's holding was not manifestly unreasonable. We find no abuse of discretion.

Mrs. Mills also requests attorney fees on appeal pursuant to RAP 18.9(a). Resolving all doubts in favor of Mrs. Daubner, we cannot say her appeal presented no debatable issues or possibility of reversal. *See Boyles v. Department of Retirement Sys.*, 105 Wn.2d 499, 506–07, 716 P.2d 869 (1986). Consequently, we deny Mrs. Mills' request.

Affirmed.

MUNSON and THOMPSON, JJ., concur.