[No. 13058-4-III.   Division Three.   December 15, 1994.]

FORREST L. DEXTER, ET AL, *Appellants*, v. SPOKANE COUNTY HEALTH DISTRICT, ET AL, *Defendants*, ROBERT E. DIXON, ET AL, *Respondents*.

*Forrest Dexter*, pro se.
*Brad L. Williams*, for respondents.

SCHULTHEIS, J. — This action involves a fraud claim brought by Forrest Dexter against Robert Dixon. The trial

court granted summary judgment in favor of Mr. Dixon on the basis of issue and claim preclusion and awarded sanctions pursuant to CR 11. Mr. Dexter contends: (1) the subject matter of this suit is distinct from that in controversy in previous litigation; (2) his position was not so unfounded as to warrant sanctions; (3) even if sanctions were appropriate, the award is not supported by findings; and (4) the order awarding sanctions is void because it was entered in the absence of a presentment hearing. The parties each seek an award of fees on appeal. We affirm the summary judgment, reverse the award of sanctions and deny fees on appeal.

In 1982, Forrest Dexter purchased a home from Robert Dixon. Numerous construction defects surfaced and Mr. Dexter sued for fraud in 1983. After arbitration followed by de novo trial in 1989, he won a judgment against Mr. Dixon. One of the matters in controversy was the adequacy of the septic system. The trial court was critical of Mr. Dixon's compliance with the building codes, and even more critical of the Spokane County Health District (SCHD) for its lackluster approach to ensuring compliance. Nonetheless, the court held against Mr. Dexter on this point and found a failure of proof that Mr. Dixon committed fraud with respect to the septic system.

In 1991, Mr. Dexter decided to build an addition on his home. To obtain permits, he was required to upgrade the septic system. When SCHD did an onsite inspection, it discovered part of the drainfield lay under a barn in violation of health codes and the drainfield was only one-half the length required. During the prior litigation, Mr. Dixon testified the drainfield met county standards which it clearly did not. Mr. Dexter again filed suit against Mr. Dixon for fraud in the conduct of the earlier action and joined SCHD and various county officials. Mr. Dixon successfully moved for summary judgment based on res judicata and collateral estoppel.[1] The

---

[1]The claims against the governmental Defendants were dismissed in a separate proceeding. The parties reached a settlement during the pendency of this appeal.

trial court awarded sanctions against Mr. Dexter in the amount of $1,636.

Although Washington has apparently not reached the precise question, the overwhelming majority rule is that no common law right of action arises out of perjured testimony presented in a prior judicial proceeding. *See, e.g., Regal Marble, Inc. v. Drexel Invs., Inc.*, 568 So. 2d 1281, 1282-83 (Fla. Dist. Ct. App. 1990), *review denied*, 583 So. 2d 1036 (Fla. 1991); *Collier v. South Carolina Ins. Co.*, 205 Ga. App. 323, 324, 422 S.E.2d 52, 53 (1992); *Hokanson v. Lichtor*, 5 Kan. App. 2d 802, 810-11, 626 P.2d 214, 222-23 (1981); *Meyer v. Hubbell*, 117 Mich. App. 699, 704, 324 N.W.2d 139, 141 (1982); *Stoll v. Kennedy*, 38 Ohio App. 3d 102, 104, 526 N.E.2d 821, 822-23 (1987); *Winter v. Northwest Pipeline Corp.*, 820 P.2d 916, 918 (Utah 1991). There are limited exceptions, such as when perjury is merely a "step in the accomplishment of some larger, actionable conspiracy[.]" *Anderton v. Herrington*, 113 Idaho 73, 76, 741 P.2d 360, 363 (Ct. App. 1987) and authorities cited therein. This exception cannot apply because the larger actionable wrong in this instance is the alleged fraud committed in 1982 which has already been litigated to a conclusion. At least one jurisdiction recognizes a claim when the fact of perjury has been established in criminal proceedings. *Andrews v. Steinberg*, 122 Misc. 2d 468, 477-78, 471 N.Y.S.2d 764, 772 (1983). The record discloses no conviction here. Mr. Dexter is left with the general rule that absent an authorizing statute, there is no civil claim for perjury.

There are sound reasons why courts do not recognize a cause of action for perjury. One is based on policy. Were such a theory of recovery available, many cases would be tried at least twice; first on the merits and then to see who lied at trial. If a party could sue another party for perjury, there is no reason why a party (or anyone else aggrieved by the perjury) could not sue a nonparty. There would be no finality to litigation, the costs of suit would expand, and witnesses would be reluctant to testify. The only workable remedy for

perjury is reopening the first proceeding under CR 60 or a criminal charge, not an independent private right of action.

A cause of action for perjury is inconsistent with the principle that a witness, lay or expert, party or nonparty, is immune from tort damages arising out of his or her testimony. *Bruce v. Byrne-Stevens & Assocs. Eng'rs, Inc.*, 113 Wn.2d 123, 125-27, 776 P.2d 666 (1989) (plurality) and authorities cited therein. The issue of witness immunity usually arises in the defamation context. *Bruce*, however, rejected such limitation. All witnesses are immune from all claims arising out of all testimony. *Bruce*, at 131-34. *But see Babcock v. State*, 116 Wn.2d 596, 628-29, 809 P.2d 143 (1991) (Andersen, J., concurring in part, dissenting in part).[2]

Mr. Dexter does not seriously contest that this suit is barred by res judicata if his perjury theory is unsupportable. In his 1983 suit, he alleged "the septic system is inadequate for the residence and is in need of substantial repairs and rework". Mr. Dexter alleged more than a lack of physical capacity. Whether the barn lay over the drainfield was at issue in the 1983 action. During examination in the arbitration proceeding, Mr. Dixon denied it was and Mr. Dexter replied "I believe it is, Mr. Dixon". A septic system consists of a tank, a drainfield, percolable soil and friendly bacteria. Reasonable inquiry would have produced the conclusion that the system did not meet code. Mr. Dexter has no claim based

---

[2]*Babcock* is a retreat from *Bruce* in one respect. In *Bruce*, landowners commissioned an engineering firm to estimate repair costs occasioned by an adjoining landowner's construction project. The engineer arrived at estimates, testified to them at trial, and the landowners won judgments in the amounts testified to. The estimates later proved too low and the landowners sued the engineer for malpractice. *Bruce* held the engineer immune from suit both for his testimony and his work product in framing the testimony. *Bruce*, at 136. In *Babcock*, claims were allowed against Department of Social and Health Services caseworkers for negligently processing child placements. *Babcock* distanced the caseworkers' negligence from their participation in judicial proceedings. *Babcock*, at 603. As observed by the dissent, however, *Bruce* involved the same issue of whether the basis of courtroom testimony can be differentiated from the giving of the testimony and held it cannot. *Babcock*, at 630. One court has commented "[w]e therefore do not find it possible to assess the correct holding of the [*Bruce*] case." *Wolfe v. Legg*, 60 Wn. App. 245, 249 n.1, 803 P.2d 804 (1991). In any event, this case is neither *Bruce* nor *Babcock*. The basis of Mr. Dixon's testimony, which was previously litigated, is not at issue, only the testimony itself.

on perjured testimony. His only claim is for fraud in misrepresenting the quality of the septic system at the time of the sale and that has previously been litigated.

Mr. Dexter contends his position was not so unfounded as to warrant CR 11 sanctions because even if a cause of action for perjury does not exist, he advanced reasonable arguments as to why it should. He also urges the award cannot stand because it is unsupported by the record. Because we agree with the second contention, we do not reach the first.

■ ■ Findings are not generally required in motion practice. CR 52(a)(5)(B). Although formal findings and conclusions are not required, a CR 11 award must be supported by justifying reasons. *See, e.g., Biggs v. Vail*, 124 Wn.2d 193, 201-02, 876 P.2d 448 (1994); *Harrington v. Pailthorp*, 67 Wn. App. 901, 911 n.6, 841 P.2d 1258 (1992), *review denied*, 121 Wn.2d 1018 (1993); *John Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 111-12, 780 P.2d 853 (1989). Issues of fact are resolved by findings and tested under the substantial evidence standard. *See, e.g., Sylvester v. Imhoff*, 81 Wn.2d 637, 639, 503 P.2d 734 (1972). Reasons justifying discretionary decisions are tested under the abuse of discretion standard. *Coggle v. Snow*, 56 Wn. App. 499, 504, 784 P.2d 554 (1990). A decision to impose CR 11 sanctions is discretionary. *Biggs*, at 197. If an appellate panel cannot ascertain what reasons prompted a trial court's ruling, it is impossible to determine whether the ruling is based on tenable grounds or is manifestly unreasonable. *See Coggle*, at 508; *John Doe*, at 112. The order imposing sanctions recites only that fees are awarded as a sanction. The order does not even reference CR 11, although the parties agree this is the predicate relied upon. More than one theory might arguably support the award. This court must know which one was relied upon to effectively review the decision.[3] *Biggs*, at 201; *John Doe*, at 111-12.

---

[3]The motion for sanctions was heard with oral argument. It is difficult to believe the trial judge did not state his views on the record in some fashion, but neither party has produced a transcript of proceedings. This militates in favor of invoking the settled rule that it is the appellant's responsibility to put the record into a reviewable posture. On the other hand, *Biggs* is explicit in stating "it is

Finally, Mr. Dexter contends he was prejudiced by the court's failure to hold a presentment hearing. CR 54(f)(2). Because of the manner of disposition, the issue is moot.

Both parties seek fees on appeal as a sanction. "An appeal is frivolous only if 'no debatable issues are presented upon which reasonable minds might differ . . .' ". *Coville v. Cobarc Servs., Inc.*, 73 Wn. App. 433, 441, 869 P.2d 1103 (1994) (quoting *Harrington*, at 913). The question is whether the "appeal presented no debatable issues or possibility of reversal". *Daubner v. Mills*, 61 Wn. App. 678, 685, 811 P.2d 981 (1991). The summary judgment ruling was not likely to be reversed, but the procedural aspects of the manner in which terms were awarded raised a debatable question which has been resolved in Mr. Dexter's favor. Fees will not be awarded.

Affirmed in part, reversed in part and remanded.

THOMPSON, C.J., and MUNSON, J., concur.

---

incumbent upon the court to specify the sanctionable conduct in its *order.*" (Italics ours.) 124 Wn.2d at 201.