IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 36549-2-III |
| BRITA GULSETH, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| ANDREW GULSETH, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Andrew Gulseth appeals an order of reassignment of a

commissioner to this family law matter. His lawyer, Craig Mason, in his own right,

appeals a CR 11 sanction. While the order of reassignment is not an appealable order

under RAP 2.2, the sanction, which is appealable, depends on the procedural propriety of

the reassignment. We affirm.

PROCEDURAL BACKGROUND

Brita Gulseth petitioned for divorce from Andrew Gulseth. A case assignment

notice issued pre-assigning the matter to Judge Ellen Clark and Commissioner Michelle

Ressa. Two weeks later, Ms. Gulseth filed a motion for temporary orders, setting the

motion for Friday, November 30, 2018.

Mr. Gulseth's lawyer, Craig Mason, was aware that Commissioner Ressa did not hear family law motions on Friday and apparently suspected the case was being reassigned. On November 19, Mr. Gulseth filed a declaration objecting that the hearing was set for the wrong day, stating, "I have not been served with any motion to change my commissioner." Clerk's Papers (CP) at 25. He filed a memorandum the next day, arguing that a notice of disqualification cannot be filed against a court commissioner and recusal is required only if a judicial officer is biased against a party or the officer's impartiality reasonably may be questioned.

On November 28, Mr. Gulseth filed an "Objection to ANY Change of Commissioner without Motion, Notice or Hearing." CP at 32. It acknowledged that his wife's lawyer, Matthew Dudley, "opposed Commissioner Ressa in a legal matter some years ago," but stated that "[t]his one legal event of Commissioner Ressa's dissolution does not dwarf the law, nor allow Mr. Dudley a unilateral right of sub rosa commissioner selection." *Id.*

As anticipated by Mr. Gulseth, on November 28, an order assigning/reassigning commissioner was filed, reassigning the matter from Commissioner Ressa to Commissioner Jacqueline High-Edward. The order stated that the reassignment was made "[u]pon motion of the court," the reason being "[c]onflict of interest." CP at 30. Mr. Gulseth appealed the reassignment order by filing a motion for revision.

When the motion for revision was heard by the trial court, it was confirmed that the reassignment was based on Mr. Dudley's representation of Commissioner Ressa's ex-husband in a marital dissolution action. The trial court denied the revision motion, explaining in its oral ruling that "this reassignment was an administrative act, it was not a discretionary act by any judicial officer." CP at 96.

Ms. Gulseth had argued that the revision motion "should be . . . deemed frivolous and imposition of sanctions considered." CP at 60. The trial court awarded fees to Ms. Gulseth's lawyer of $300, identifying the fee award in its written order as a sanction. Mr. Gulseth and Mr. Mason appeal the order on revision.

## ANALYSIS

A local Spokane County Superior Court rule provides that upon the filing of a petition for dissolution the clerk will assign the matter to a court commissioner and a superior court judge. LSPR 94.04(c). It goes on to provide:

> (1) Parties are required to set all hearings before the assigned judicial officer(s).

> (2) *If the matter needs to be reassigned due to conflict, recusal or unified family court principles, an order will be entered by the court.*

LSPR 94.04(c) (emphasis added).

3

Rule 2.11(A) of the Code of Judicial Conduct (CJC)[1] provides, "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." (Internal asterisk omitted). Comment [1] to the provision observes that "[i]n many jurisdictions in Washington, the term 'recusal' is used interchangeably with the term 'disqualification.'" One circumstance calling for judicial recusal is when "[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer." CJC 2.11(A)(1). "A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed." CJC 2.11, cmt. [2].

> In *State v. Rocha*, a public trial case, this court observed in passing:
>
> [E]very member of this panel is familiar with informal recusal requests occurring outside of the courtroom. *Many recusals also are handled administratively, with clerk's offices having lists of conflicts of interest for judges who have named attorneys or parties whose cases they will not hear.*

181 Wn. App. 833, 839, 327 P.3d 711 (2014) (emphasis added).

Commissioner Ressa is obliged by the Code of Judicial Conduct to recuse herself in any proceeding in which her impartiality might reasonably be questioned. Mr. Gulseth cites no authority that a party can challenge the judicial officer's personal decision on that score. As observed by this court in *Rocha*, it is commonly (perhaps universally) the case that clerk's offices have lists of conflicts of interest for judges who have named attorneys

---

[1] The Application section of the CJC states a judge includes court commissioners. CJC, Application at I(A).

or parties whose cases they will not hear. 181 Wn. App. at 839. The Spokane County local rules address administrative reassignment in the case of a judge's decision to recuse himself or herself, and they were followed: an order was entered that the case was being reassigned on the court's own motion for conflict of interest reasons. Mr. Mason was aware of the reason for the recusal as revealed by Mr. Gulseth's November 28 submission.

No notice of disqualification (formerly termed an affidavit of prejudice[2]) was filed nor was there a motion for recusal, so the case law on which Mr. Gulseth relied in challenging the order does not apply. In *Rocha*, for example, this court held that the experience prong of the public trial "experience and logic" test "favors hearing recusal *motions* in the courtroom." *Id.* at 838-39. The term "litigated recusals" as used in that decision refers to a party's contested motion asking a judicial officer to recuse himself or herself. It does not include a challenge, unsupported by legal authority, to a judicial officer's own decision to recuse.

Accordingly, there was no basis in fact or law for challenging the superior court's administrative reassignment. Mr. Gulseth argues that when his motion for revision was heard, the reason for the administrative reassignment was elaborated on, which he complains constitutes the consideration by the trial court of new and additional evidence,

---

[2] RCW 4.12.050; *see* LAWS OF 2017, ch. 42, § 2.

contrary to RCW 2.24.050. But any elaboration on the background of the order appears to have been in an effort to dispel Mr. Mason's misguided assumption that it was *something other than* an administrative reassignment. The elaboration was not essential to the decision or to supporting it on appeal; the order denying revision can be affirmed on the basis of the earlier "records of the case" alone. *Id.*

Mr. Mason appeals the $300 sanction because the trial court did not enter findings explaining why it was imposed. He points to *Biggs v. Vail*, a 1994 case involving sanctions imposed under CR 11, in which the Supreme Court said "it is incumbent upon the court to specify the sanctionable conduct in its order. The court must make a finding that either the claim is not grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or the paper was filed for an improper purpose." 124 Wn.2d 193, 201, 876 P.2d 448 (1994) (emphasis omitted); *see accord Dexter v. Spokane County Health Dist.*, 76 Wn. App. 372, 377, 884 P.2d 1353 (1994) ("If an appellate panel cannot ascertain what reasons prompted a trial court's ruling, it is impossible to determine whether the ruling is based on tenable grounds or is manifestly unreasonable.").

More recently, our Supreme Court held that where a sanction is imposed under the court's inherent equitable powers to manage its own proceedings, we may uphold it absent express findings if an examination of the record establishes that the court found conduct equivalent to bad faith. *State v. Gassman*, 175 Wn.2d 208, 211, 283 P.3d 1113

conduct equivalent to bad faith. *State v. Gassman*, 175 Wn.2d 208, 211, 283 P.3d 1113 (2012). It is a simple matter to identify the court's reasoning here. Mr. Gulseth challenged an administrative reassignment of a judicial officer with no factual basis for contending it was a sub rosa notice of disqualification and no legal basis for challenging Commissioner Ressa's personal decision not to preside over matters in which Mr. Dudley represents a party. The motion required Ms. Gulseth to defend the court's administrative action against an unsupported attack. The imposition of a $300 sanction was not an abuse of discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, A.C.J.

_____
Lawrence-Berrey, J.

7